1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DYLAN J. TUCKER, et al.,                      No.  2:23-cv-00526 DAD CKD (PS)

12              Plaintiffs,

13        v.                                        FINDINGS AND RECOMMENDATIONS

14   PETER McBRIEN, et al.,

15              Defendants.

16

17

18        Plaintiff Dylan J. Tucker proceeds without counsel and seeks relief under 42 U.S.C. §

19   1983. (ECF No. 1.) Pursuant to Local Rule 302(c)(21), this matter is before the undersigned for

20   the purpose of these findings and recommendations to the assigned district judge. See 28 U.S.C. §

21   636(b)(1).[1]

22        Two motions to dismiss filed by the defendants are before the court. (ECF Nos. 9, 10.)

23   These matters are appropriate for decision without oral argument. See Local Rule 302(g). For the

24   reasons set forth below, the undersigned concludes that the complaint fails to state a claim and

25   should be dismissed without leave to amend.

26   _____

27   [1] The Honorable Dale A. Drozd is still the presiding judge. Pursuant to Local Rule 302(c)(21) and
     28 U.S.C. § 636(b)(1), plaintiff's objection to a magistrate judge hearing this case (e.g., ECF No.
     13 at 1) is overruled. Plaintiff may file objections to these findings and recommendations in the
28   manner set forth herein.

## I. Background

Plaintiff filed the complaint on March 20, 2023, alleging violations of his constitutional rights in connection with child support orders and payments. (ECF No. 1.) According to plaintiff, without his consent, defendant Judge Peter J. McBrien, entered a child support order against plaintiff in the amount of $4,300 per month on November 5, 2013. (Id. at 4.) Judge McBrien entered a further child support order against plaintiff in the amount of $5,200 per month on April 14, 2014. (Id.) Plaintiff's monthly income at that time was $4,100 per month. (Id.) In or around December of 2015, defendant Commissioner Scott P. Harman, reduced the monthly payment to $1,649 per month with a $75 monthly payment to be applied to arrears. (Id.)

Plaintiff alleges defendants issued the child support orders in "egregious error," which has resulted in financial damage and deprivation of plaintiff's constitutional rights. (ECF No. 1 at 5.) Plaintiff seeks to "abolish any and all 'arrears' that have accrued due to such fraudulent cases" and "an award of] $759,000 in damages[.]" (Id.)

On May 23, 2023, defendant Sacramento County Clerk Recorder filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 9.) The motion is fully briefed with plaintiff's opposition and defendant's reply. (ECF Nos. 13, 15.)

On May 25, 2023, defendants Judge McBrien and Commissioner Harman filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 10.) The motion is fully briefed with plaintiff's opposition and defendants' reply. (ECF Nos. 13, 14.)

## II. Legal Standards

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure seeks dismissal for lack of subject matter jurisdiction. On a Rule 12(b)(1) motion to dismiss, plaintiff bears the burden of proof that jurisdiction exists. See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995). A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. (Id.)

////

2

Separately, dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Particularly because plaintiff proceeds pro se, the court liberally construes the pleadings and affords plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985).

### III. Discussion

#### A. Judge McBrien and Commissioner Harman are immune from suit.

Absolute judicial immunity is afforded to judges and other judicial officers for acts performed that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). This immunity reflects a long-standing principle for the proper administration of justice that a judicial officer shall be free to act without apprehension of personal consequences in exercising the authority vested. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)).

Plaintiff sues Judge McBrien and Commissioner Harman solely in relation to adjudicatory acts. Judge McBrien and Commissioner Harman are entitled to absolute judicial immunity from damages for their acts relating to the judicial process.

#### B. This court lacks subject matter jurisdiction.

The court lacks subject matter jurisdiction over plaintiff's claims that child support orders entered from 2013 through 2015 violated his constitutional rights. Federal district courts do not have appellate jurisdiction over state courts. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). Federal courts lack jurisdiction to exercise appellate review over final state court judgments. Id.; see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). The Rooker-Feldman doctrine prevents "a party losing in state court ... from seeking what in

1    substance would be appellate review of the state judgment in a United States district court."

2    Henrichs v. Valley View Dev., 474 F.3d 609, 611 (9th Cir. 2009) (citation omitted). The Rooker-

3    Feldman doctrine bars jurisdiction in federal district court if the constitutional claims presented to

4    the district court are "inextricably intertwined" with the state court's denial of relief. Bianchi v.

5    Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) (quoting Dist. of Columbia Court of Appeals v.

6    Feldman, 460 U.S. 462, 483 n. 16 (1983)).

7        Rooker-Feldman thus bars federal adjudication of any suit where a plaintiff alleges an

8    injury based on a state court judgment. Bianchi, 334 F.3d at 900 n.4; see also Branson v. Nott, 62

9    F.3d 287, 291-92 (9th Cir. 1995) (no subject matter jurisdiction over section 1983 claim seeking

10   implicit reversal of state trial court action). "That the federal district court action alleges the state

11   court's action was unconstitutional does not change the rule." Feldman, 460 U.S. at 486; Duff v.

12   Nevada, 212 F. App'x 676, 677 (9th Cir. 2006) (no jurisdiction where a parented alleged a

13   "conspiracy to violate his constitutional rights in state ...child custody proceedings.").

14       Here, plaintiff's challenge is, in substance, a challenge to final orders of the state court

15   made during the years 2013-2015. Accordingly, the court lacks subject matter jurisdiction over

16   the claims. See id. at 486.

17       In opposition to the motion to dismiss, plaintiff argues the Rooker-Feldman doctrine does

18   not apply because "Family Court is a Title IV-D Administrative office of Title IV-D of the Public

19   Health Services Act." (ECF No. 13 at 5.) Therefore, plaintiff argues, defendants ruled upon

20   administrative proceedings and "made no child support orders in state superior court." (Id.) To

21   the contrary, the undersigned finds Rooker-Feldman applies to a final order in a family court. See

22   Vis v. Stevenson, No. 2L20-CV-0987-JAM-DB-P, 2020 WL 4334030, at *2 (E.D. Cal. July 28,

23   2020) (applying Rooker-Feldman doctrine to "decisions of a state superior or administrative

24   court"); Riley v. Knowles, No. 1:16-CV-0057-JLT, 2016 WL 259336, at *3 (E.D. Cal. Jan. 21,

25   2016) ("[T]he Rooker-Feldman doctrine bars federal review of state court decisions regarding

26   proceedings in family court.").

27       Plaintiff also argues the Rooker-Feldman doctrine does not apply because he makes a

28   specific constitutional challenge rather than seeking to overturn a final judgment. As set forth,

4

1    though, "[i]t is immaterial that [plaintiff] frames his federal complaint as a constitutional

2    challenge to the state courts' decisions, rather than as a direct appeal of those decisions." <u>Bianchi</u>,

3    334 F.3d at 900 n.4.  The court lacks subject matter jurisdiction over plaintiff's claims to the

4    extent the described 2013-2015 orders are final.

5             **C.  In the alternative, the complaint fails to state a claim**.

6            To any extent the 2013-2015 child support orders described in plaintiff's complaint are

7    not final, the complaint must still be dismissed because it fails to state a claim. Plaintiff argues

8    <u>Rooker-Feldman</u> does not bar this action because "legal proceedings" in family court are

9    ongoing. (ECF No. 13 at 6.) It is not clear whether plaintiff is arguing the challenged orders

10    entered in 2013, 2014, and 2015 are not final, or that some other "legal proceedings" are pending

11    in family court. To any extent the <u>Rooker-Feldman</u> doctrine does not apply and the court has

12    subject matter jurisdiction, the complaint fails to state a cognizable claim and must be dismissed

13    on that basis.

14            Plaintiff alleges the family court cases in which the challenged orders were entered were

15    unconstitutional and "fraudulent" because they were "against [his] will" and constituted "a

16    voluntary service" for which he did not volunteer. (<u>Id.</u> at 5, 7.) Even construing the pleadings

17    liberally and affording plaintiff the benefit of any doubt, <u>Bretz</u>, 773 F.2d at 1027 n. 1, these

18    allegations do not state a claim to relief that is plausible on its face. <u>See</u> <u>Bell Atl. Corp. v.</u>

19    <u>Twombly</u>, 550 U.S. 544, 570 (2007).

20            **IV.  Conclusion and Recommendation**

21            Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a).

22    Nevertheless, a pro se litigant's complaint may be dismissed without leave to amend when it is

23    absolutely clear that no amendment can cure the defect. <u>Lucas v. Dep't of Corrs.</u>, 66 F.3d 245,

24    248 (9th Cir. 1995). In this instance, it is clear the deficiencies in the complaint cannot be cured

25    through amendment because no plausible claim can be stated on plaintiff's theory that his consent

26    was required for the child support orders at issue.

27    ////

28    ////

For the reasons set forth above, IT IS HEREBY RECOMMENDED as follows:

1.      Defendants' motions to dismiss (ECF Nos. 9, 10) be GRANTED;

2.      Plaintiff's complaint be dismissed without leave to amend; and

3.      The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  July 27, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Tucker23cv526.mtd.fr

6